KATHLEEN O. PETERSON (State Bar #124791)
*kpeterson@catespeterson.com*
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Tel.: (949) 724-1180
Fax: (949) 724-1190

Attorneys for Plaintiff THE NOCO COMPANY, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NOCO COMPANY, INC., an Ohio Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TII TRADING INC., a California Corporation; and DOES 1 – 10, inclusive,<br><br>    Defendants. | CASE NO. 2:19-cv-7127<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff The NOCO Company, Inc. ("NOCO"), for its complaint against Defendant TII Trading Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101 et seq.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

3. On information and belief, the Court has personal jurisdiction over Defendant because its principal place of business is in California.

4. On information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant is subject to personal jurisdiction in this district, and thus resides in this district.

## PARTIES

5. NOCO is a corporation organized under the laws of the State of Ohio, with its principal place of business in Glenwillow, Ohio.

6. On information and belief, Defendant is a business entity headquartered at 13200 Brook Drive, Suite #F, Baldwin Park, California 91706, that does business as, among other names, Boltpower.

7. The names of defendants Does 1 through 10 are unknown to NOCO who, therefore, sues them by these fictitious names. Their names will be alleged as soon as they are ascertained. Does are individuals or business entities who are also liable for the damages which are the subject of this complaint.

## BACKGROUND

### NOCO and Its Genius Boost® Jump Starter

8. Founded in Cleveland, Ohio in 1914, and continuously owned and managed by the same family since then, NOCO designs and manufactures, among

other products, premium consumer battery chargers, jump starters, and other portable power devices used primarily in the automotive and marine industries.

9. Since the early days of automobiles, the prevalent method to recharge a dead car battery has been through the use of "jumper cables," where two cables are run from a live battery in a running vehicle to a dead battery of a second vehicle. The many problems associated with jumper cables are well known, including the fact that a second car with a live battery is needed to perform a jump start, and the danger of sparking and short circuits, especially when the cables from the live battery to the dead battery are misconnected (referred to as "reverse polarity") or not fully connected.

10. Numerous efforts to improve the jump starting process have been undertaken over the years, most of which have had significant deficiencies such as lack of portability or failure to solve safety problems, and did not achieve significant popularity.

11. The advent of lithium ion batteries has permitted the introduction of compact jump starters that do not require the use of a second vehicle, providing consumer convenience as well as certain safety advantages over prior jump starting devices.

12. In 2014, NOCO introduced the Genius Boost® lithium jump starter, which incorporates the patented safety features described herein. A photograph of

one model of NOCO's Genius Boost® jumping a dead battery is shown below, and a video demonstrating how the Genius Boost® operates can be found at https://www.youtube.com/watch?v=q7xWhyr-dDI.



13. NOCO manufactures and sells several models of the Genius Boost®, which vary based on, among other things, characteristics of the vehicles to be jump started and consumer preferences.

14. Since its introduction, the Genius Boost® has become known for its safety, ease of use, and reliability, among other features. As a result, the Genius Boost® has enjoyed tremendous popularity, becoming one of, if not the, market-leading compact lithium jump starters in the United States.

**NOCO's U.S. Patent No. 9,007,015**

15. On July 3, 2014, NOCO filed a utility patent application covering the Genius Boost®, which was granted and issued on April 14, 2015 as U.S. Patent No. 9,007,015 (the "'015 Patent"). A copy of the '015 Patent is attached as **Exhibit 1**.

16. The '015 Patent discloses and claims a handheld device for jump starting a vehicle engine that includes a lithium ion battery and a microcontroller (computer) as well as sensors to detect whether (a) the device is connected to both terminals of a vehicle battery, and (2) whether the connection is the proper

polarity—i.e., whether or not the positive charging clamp is connected to the positive battery terminal and the negative clamp is connected to the negative terminal. The microcontroller is configured (i.e., programmed) to instruct the charger to start only when the sensors provide signals that the charger is fully connected to the battery, and that the connection is in the correct polarity.

## Defendant's Infringing Conduct

17. NOCO incorporates by reference the allegations in paragraphs 1–16 of this Complaint.

18. Claim 1 of the '015 Patent recites:

> Apparatus for jump starting a vehicle engine, comprising:
>
> an internal power supply;
>
> an output port having positive and negative polarity outputs;
>
> a vehicle battery isolation sensor connected in circuit with said positive and negative polarity outputs, configured to detect presence of a vehicle battery connected between said positive and negative polarity outputs;
>
> a reverse polarity sensor connected in circuit with said positive and negative polarity outputs, configured to detect polarity of a vehicle battery connected between said positive and negative polarity outputs and to provide an output signal indicating whether positive and negative terminals of said vehicle battery are properly connected with said positive and negative polarity outputs of said output port;
>
> a power switch connected between said internal power supply and said output port; and
>
> a microcontroller configured to receive input signals from said vehicle isolation sensor and said reverse polarity sensor, and to provide an output signal to said power switch, such that said power switch is turned on to cause said internal power supply to be connected to said output port in response to signals from said sensors indicating the presence of a vehicle battery at said

output port and proper polarity connection of positive and negative terminals of said vehicle battery with said positive and negative polarity outputs, and is not turned on when signals from said sensors indicate either the absence of a vehicle battery at said output port or improper polarity connection of positive and negative terminals of said vehicle battery with said positive and negative polarity outputs.

19. Defendant infringes the '015 Patent in violation of 35 U.S.C. § 271 by making, using, offering to sell, and/or importing at least the following model of compact lithium jump starter sold under the brand name Boltpower that have safety features claimed in the '015 Patent: D29 (900A/18000mAh) Model (the "Infringing Model").

20. The Infringing Model meets each element of at least claim 1 of the '015 Patent, as provided below:

21. The Infringing Model has a lithium battery pack that acts as an internal power supply. The Amazon page for the Infringing Model (the "Amazon Page") states that the Infringing Models includes "1 Lithium Polymer batteries [sic]." Amazon Page at 4. The Amazon Page is attached as **Exhibit 2**.

22. The Infringing Model has positive and negative polarity outputs on an output connector. The User Guide for the Infringing Model (the "Guide") shows a picture of the jumper cable with an output port containing positive and negative outputs. Guide at 3. A copy of the Guide is attached as **Exhibit 3**.

23. The Infringing Model has an optocoupler sensor that senses the presence of a vehicle battery: when a vehicle battery is connected to the device's terminals, voltage signals from the device's lithium battery pack are immediately raised and a LED showing that a jump start in process is illuminated, indicating that the optocoupler has sensed the presence of a battery.

24. The Infringing Model has a sensor that outputs a signal indicating whether a battery is connected in proper polarity; for example, when a battery is

1  connected to the device in a reverse polarity state, the sensor causes a red LED
2  indicating a reverse connection to be illuminated and an audible beep to sound.
3  Moreover, the Amazon Page indicates that the Infringing Model has "Reverse
4  Polarity Protection." Amazon Page at 1.
5      25.  The Infringing Model has a transistor that controls the device's power
6  switch.
7      26.  The Infringing Model has a microcontroller that receives signals from
8  the above-described sensors and processes them such that the device is not turned on
9  when the sensors indicate that a battery is not connected to both outputs, or that the
10  connection is in a reverse polarity state.
11      27.  NOCO is informed and believes that each of the Doe defendants is
12  somehow similarly responsible for the actions of Defendant TII Trading Inc. and is
13  therefore also liable to NOCO.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT UNDER 35 U.S.C. § 271 OF

## U.S. PATENT NO. 9,007,015

## (AGAINST ALL DEFENDANTS

18      28.  NOCO incorporates by reference the allegations of paragraphs 1–27 of
19  this Complaint.
20      29.  In view of the foregoing, each of the Defendants infringe the '015
21  Patent in violation of 35 U.S.C. § 271(a).
22      30.  NOCO has at all relevant times been in compliance with 35 U.S.C. §
23  287 to the extent applicable.
24      31.  Defendants will continue their acts of infringement unless and until
25  enjoined by this Court.
26      32.  Defendants' infringement has caused and, unless enjoined by this
27  Court, will continue to cause, serious and irreparable harm to NOCO for which
28  NOCO has no adequate remedy at law.

**33.** Defendants' infringement has also caused monetary damage to NOCO for which NOCO is entitled to be compensated by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, NOCO prays for judgment as follows:

A. that each of the Defendants be found to have infringed the '015 Patent;

B. that each of the Defendants, their officers, directors, employees, agents, and affiliated entities, and all other parties in active participation or privity with them, be preliminary and permanently enjoined from infringing the '015 Patent;

C. that each of the Defendants be ordered to pay NOCO damages adequate to compensate it for the infringement described in this Complaint; and

D. that NOCO have such other and further relief as this Court may deem just and proper.

Dated: August 15, 2019

By: */s/ Kathleen O. Peterson*
    KATHLEEN O. PETERSON
    of CATES PETERSON LLP
    Attorneys for Plaintiff
    THE NOCO COMPANY, INC.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff The NOCO Company, Inc. demands trial by jury for all claims and issues thus triable by right.

Dated: August 15, 2019

By: */s/ Kathleen O. Peterson*
KATHLEEN O. PETERSON
of CATES PETERSON LLP
Attorneys for Plaintiff
THE NOCO COMPANY, INC.